Citation Nr: 21049978
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 16-25 141
DATE: August 13, 2021

REMANDED

Entitlement to service connection for non-Hodgkin's lymphoma is remanded.

REASONS FOR REMAND

The appellant is a Veteran who served on active duty from July 1960 to July 1980. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2014 rating decision by the Phoenix, Arizona, Regional Office (RO) of the Department of Veterans Affairs (VA). In January 2018, the Veteran testified at a personal hearing before the undersigned Veterans Law Judge. The transcript of that hearing is of record. The Board reopened the service connection claim and remanded the issue for additional development in March 2018.

1. Entitlement to service connection for non-Hodgkin's lymphoma is remanded.

Although this issue was previously remanded, the Board finds that additional development is required for an adequate determination. As an initial matter, it is noted that a June 2021 supplemental statement of the case addressed the issue on appeal as whether new and material evidence had been received rather than as a reopened service connection claim. 

More significantly, the Board finds the Agency of Original Jurisdiction (AOJ) action as to the March 2018 remand directives is inadequate. Those directives included instructions that the AOJ undertake any necessary development to independently verify the Veteran's claimed chemical exposure at the Wright-Patterson Air Force Base. While the AOJ is shown to have contacted the U.S. Army and Joint Services Records Research Center, no follow-up action (or explanation as to why such action was not warranted) was completed in response to a reference that the request should be addressed under "M21-1 IV.ii.1.I.5 Developing Claims Based on Exposure to Other Specific Environmental Hazards for procedures to verify this type of claimed exposure." The identified reference applies to Chemical, Biological, Radiological, Nuclear, and Explosives (CBRNE) claims in which a veteran contends a disease or injury resulted from such exposures as a test participation. It is unclear how this is applicable in the present case as the Veteran does not contend that he had exposure as a test participant, but rather as a result of his normal duties in receiving materials sent to the Aerospace Medical Research Laboratory. However, the matter has not been adequately addressed.

The Board also notes that in correspondence dated in May 28, 2021, the AOJ notified the Veteran that its efforts to verify his claimed chemical exposure at the Wright-Patterson Air Force Base. Such included a communication indicating "No Response Received." Neither the date of receipt of the communication nor the circumstances and significance of the reply were identified. 

A review of the record reveals the development necessary to independently verify the Veteran's claimed chemical exposure at the Wright-Patterson Air Force Base has not been completed. It is noted that a remand confers on a veteran or other claimant, as a matter of law, the right to compliance with the remand orders. See Stegall v. West, 11 Vet. App. 268 (1998). Therefore, additional development is required.

The matters are REMANDED for the following action:

1. The AOJ must undertake any necessary development to independently verify the Veteran's claimed chemical exposure at the Wright-Patterson Air Force Base, including contacting the U.S. Army and Joint Services Records Research Center or other appropriate agency. A list of the chemicals that the Veteran was exposed to, or may have been exposed to, should be compiled if possible. 

Any additional action necessary for independent verification of the exposure, including follow-up action requested by the contacted entity, should be accomplished. If in-service chemical exposure cannot be verified or conceded, the AOJ should notify the Veteran and his representative of this fact, explain the efforts taken to obtain this information and describe any further action to be taken. They should be given an opportunity to respond. 

In completing this action, the AOJ should request the following: 

a. Clarification on the current status of the Aerospace Medical Research Laboratory, particularly whether the facility still exists. 

b. If the facility is still present, request for the contact information for the records holder for that facility and thereafter request for any information which could confirm specific chemicals housed within that facility, to include but not limited to herbicides (Agent Orange). 

c. If the facility is no longer present, request for the appropriate records holder of the former facilities information. If this contact information is obtained, request for any information which could confirm specific chemicals housed within that facility, to include but not limited to Agent Orange.

2. If, and only if, the Veteran's claimed chemical exposure is verified or conceded, the Veteran must be scheduled for a VA examination with an appropriate examiner. The examiner must review pertinent documents in the Veteran's claims file in conjunction with the examination. This must be noted in the examination report. The examiner should be expressly informed of any verified or conceded chemical exposures. S/he should then state whether it is at least as likely as not (a 50 percent probability or greater) that the Veteran's non-Hodgkin's lymphoma was caused or aggravated by active service, including chemical exposure. 

In rendering this determination, the examiner must address: 

a. The Veteran's lay assertions and Board Hearing Testimony. See generally, March 2014 Statement and May 2016 VA Form 9. Note, he reports having no protection from chemicals while stationed at the research facility. He also reports that the containers housing these chemicals were at times broken and substances leaked out. 

b. Dr. S.B.'s April 2013 Correspondence indicating a potential relationship between non-Hodgkin's lymphoma and chemical exposure. 

A rationale for all requested opinions shall be provided. If the examiner(s)cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question(s).

 

 

MICHAEL A. HERMAN

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board T. Douglas

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.